**Bradley REIFLER, Plaintiff,**

v.

**GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP, Defendant.**

**No. 09 Civ. 8320(LAK)(FM).**

United States District Court, S.D. New York.

June 28, 2010.

Barry Richard Lax, Raquel Terrigno, Lax & Neville, LLP, New York, NY, for Bradley Reifler.

Edward Kevin Lenci, Hinshaw & Culbertson LLP, New York, NY, for Glaser, Weil, Fink, Jacobs, Howard & Shapiro, L.L.P.

**MEMORANDUM DECISION AND ORDER***

FRANK MAAS, United States Magistrate Judge.

In this action, plaintiff Bradley Reifler ("Reifler") seeks a declaration that his dispute with defendant Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP ("Glaser Weil") concerning legal fees is not arbitrable and that he is not personally liable for any legal fees. In October 2009, Glaser Weil moved to stay the action and compel arbitration, and Reifler cross-moved to enjoin arbitration. Both motions remain undecided. Reifler now seeks to remove the case to the United States Bankruptcy Court for the Southern District of New York, in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, on the ground that the dispute is related to a bankruptcy proceeding pending in that court. For the reasons set forth below, that request is granted.[1]

I. *Background*

From 1996 until his resignation in October 2008, Reifler was the Chairman and Chief Executive Officer ("CEO") of Pali Capital, Inc. ("Pali Capital"), a full service broker-dealer. (Compl. ¶ 2). In June 2008, certain shareholders of Pali Holdings, Inc. ("Pali Holdings"), Pali Capital's sole shareholder, filed a derivative action in Supreme Court, New York County, against Reifler and other corporate officers. (Id.). In August 2008, those shareholders, together with other Pali Holdings shareholders, filed an Article 78 proceeding in state court, seeking to compel a shareholders' meeting and to enjoin Pali Holdings from issuing new shares until the meeting took place. (Id. ¶ 4).

---

* This Memorandum Decision and Order was prepared with the assistance of Albert Boardman, a student at Cardozo Law School.

1. Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may determine non-case-dispositive matters. In the Second Circuit, an order transferring venue under 28 U.S.C. § 1404(a), a procedure similar to the relief requested here, has been deemed non-dispositive. *Shenker v. Murasky*, No. 95 CV 4692(NG)(RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) (citing *Michelli v. City of Hope*, No. 93 Civ. 7582(KMW)(THK), 1994 WL 410964, at *6 n. 1 (S.D.N.Y. Aug. 4, 1994)). Accordingly, I conclude that I have the authority to direct that this case be referred to the bankruptcy court rather than issuing a Report and Recommendation to that effect.

On July 28, 2008, the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro LLP ("Christensen") was retained to represent Reifler in the shareholder actions. (*Id.* ¶ 3). Glaser Weil alleges that it is the successor to the Christensen firm, that Reifler retained that firm pursuant to a written agreement to represent him in the shareholder actions, and that he therefore is personally liable for $921,196 worth of legal services rendered on his behalf.[2] (*Id.* ¶ 2; Compl. ¶¶ 28, 32). Reifler denies that he is personally liable to Glaser Weil. (*Id.* ¶ 35).

On September 2, 2009, Reifler filed an action against Glaser Weil in Supreme Court, New York County, seeking a declaratory judgment: (a) that Glaser Weil may not compel him to arbitrate because there is no retainer agreement between Glaser Weil and him individually; (b) that Pali Capital or Pali Holdings is the entity obligated to pay Reifler's attorneys' fees pursuant to the retainer agreement; and (c) in the alternative, that the attorneys' fees sought by Glaser Weil are unreasonable. (*Id.* ¶ 8).

On October 1, 2009 Glaser Weil removed the declaratory judgment action to this Court based on diversity of citizenship. (*See* Notice of Removal (Docket No. 1)). Thereafter, on April 1, 2010, Pali Holdings filed a voluntary bankruptcy petition in the Bankruptcy Court for the Southern District of New York. The bankruptcy proceeding is pending before the Honorable Robert E. Gerber, United States Bankruptcy Judge. (*See* letter to the Court from Barry Lax, Esq., dated May 26, 2010, at 1).

Reifler seeks to have this action removed to the bankruptcy court, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, as a proceeding "related to" the Pali Holdings bankruptcy. (*Id.*). Reifler contends that the declaratory action could conceivably impact, and has a substantial nexus to, the bankruptcy. (*Id.* at 2). For example, Reifler argues that Pali Holdings' corporate by-laws require the firm to indemnify him for any reasonable expenses that he may incur as a result of the shareholders' derivative and Article 78 suits against him. (*Id.* at 1–2). Reifler also suggests that he will have a claim against any directors' and officers' liability insurance that Pali Holdings purchased, and that such insurance is an asset of the Pali Holdings bankruptcy estate. (*Id.*).

Glaser Weil counters that any transfer of this action to the bankruptcy court would be inappropriate because the fee dispute between the firm and Reifler is a matter separate from the question of whether Reifler has a claim for indemnification against Pali Holdings. (*See* letter to the Court from Edward K. Lenci, Esq., dated June 1, 2010, at 1). Glaser Weil also notes that cross-motions to compel and stay arbitration have been fully briefed before Judge Kaplan, suggesting that it consequently makes little sense to remove this case to the bankruptcy court. (*Id.* at 2).

## II. *Discussion*

 A principal purpose served by the Bankruptcy Code is the centralization of all disputes concerning the property of a debtor's estate so that reorganization can

---

2. In September 2008, Christensen dissolved. Several Christensen named partners then formed a firm Reifler refers to as the "Glaser Firm." According to Reifler, in April 2009, the Glaser Firm dissolved and several of its partners formed Glaser Weil. (*Id.* ¶¶ 5–6, 27). Glaser Weil maintains that the change from the Glaser Firm to Glaser Weil was simply a name change. (*See* Def.'s Further Responses to Pl.'s First Req. For Docs. ¶ 2).

proceed efficiently, unimpeded by uncoordinated proceedings in other arenas. *See In re Mount Moriah Baptist Church, Inc.,* 2010 WL 1930937 at *3 (Bankr.S.D.N.Y. May 12, 2010). Accordingly, had the present dispute still been pending in state court, Reifler could have removed it to this Court as of right, pursuant to Rule 9027 once the Pali Holdings bankruptcy proceeding was filed. *See* 28 U.S.C. § 157(a). Thereafter, in accordance with a standing order issued by then Acting Chief Judge Robert J. Ward on July 10, 1984, the Clerk of the Court would have referred the case to the bankruptcy court without the intervention of any district or magistrate judge. *See* Standing Order of Judge Robert J. Ward, dated July 10, 1984: *see also In re Paramount Hotel Corp.,* 319 B.R. 350, 356 (Bankr.S.D.N.Y.2005) (citing standing order as basis for jurisdiction over core and other related claims in bankruptcy proceeding).

■ This case, of course, has been pending in federal court before Judge Kaplan for some time. Accordingly, the question is not whether the case should be "removed" pursuant to Section 9027, but whether it should be "referred" to the bankruptcy court because it is "related to a case under Title 11." 28 U.S.C. § 157(a). A case is "related to" a pending bankruptcy proceeding when its outcome might have any "conceivable effect" on the bankrupt estate. *See In re Cuyahoga Equipment Corp.,* 980 F.2d 110, 114 (2d Cir. 1992); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). When a debtor's obligation to indemnify is contractual and absolute, third-party litigation to enforce the indemnification agreement is related to the bankruptcy case. *See In re Masterwear, Corp.,* 241 B.R. 511, 516–517 (Bankr. S.D.N.Y.1999). However, the obligation of a bankrupt entity to indemnify a third party need not be "definite" for a bank-ruptcy court to exercise jurisdiction. *Id.* at 516. Indeed, a case may be referred to the bankruptcy court so long as there is a "reasonable legal basis" for the claim. *In re WorldCom, Inc. Securities Litigation,* 293 B.R. 308, 318 (S.D.N.Y.2003).

Here, Reifler asserts that in the event that he is individually liable for Glaser Weil's fees, he is entitled to indemnification in accordance with Pali Holdings' corporate by-laws. Thus, an outcome favorable to Glaser Weil in this action could give rise to a claim against the bankruptcy estate of Pali Holdings. Moreover, because Reifler may be entitled to reimbursement under any directors' and officers' insurance that Pali Holdings purchased, his indemnification claim could affect that asset of the bankruptcy estate.

It therefore clearly is appropriate that this case be referred to the Bankruptcy Court. I note that this is precisely the result that obtained in *Carter Ledyard & Milburn LLP v. David Wasitowski,* No. 10 Civ. 4108(PAC) (S.D.N.Y filed May 19, 2010), a case involving a dispute over the payment of legal fees incurred in connection with the same lawsuits that give rise to Glaser Weil's claim against Reifler. That lawsuit was removed to this Court after Pali Holdings filed for bankruptcy and then was referred to the Bankruptcy Court by the Clerk of the Court pursuant to Judge Ward's standing order.

### III. *Conclusion*

For the foregoing reasons, the Clerk of the Court is respectfully requested to refer this action to the United States Bankruptcy Court for the Southern District of New York and to close this Court's case.

SO ORDERED.